David J. McGlothlin, Esq. (SBN: 026059)
david@kazlg.com
Ryan L. McBride, Esq. (SBN: 032001)
ryan@kazlg.com
Kazerouni Law Group
4455 E. Camelback Road, Suite C250
Phoenix, AZ 85018
Telephone:   (602) 900-1288
Facsimile:   (800) 520-5523

*Attorneys for Plaintiff,*
*Sydney Vanotti*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Sydney Vanotti,** | **Case No.:** |
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF: THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.** |
| v. | |
| **Recovery Management Services, Inc.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

**INTRODUCTION**

1. Sydney Vanotti ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Recovery Management Services, Inc. ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in Arizona.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

**JURISDICTION AND VENUE**

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

8. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391 because the alleged violations occurred in Arizona.

10. At all times relevant, Defendant conducted business within the State of Arizona.

**PARTIES**

11. Plaintiff is a natural person who resides in the City of Cave Creek, State of Arizona.

12. Defendant is located in the City of Warrenville, in the State of Illinois.

13. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

15. Sometime before January 28, 2021, Plaintiff is alleged to have incurred certain financial obligations to Arizona State University.

16. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

17. Sometime thereafter, but before January 28, 2021, Plaintiff allegedly fell behind and defaulted on the payments allegedly owed on the alleged debt.

18. Subsequently, but before January 28, 2021, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

19. On or about January 28, 2021, Defendant sent Plaintiff a letter attempting to collect the alleged debt.

20. On or about March 15, 2021, Plaintiff sent Defendant a certified letter, in a manner consistent with 15 U.S.C. § 1692c(c) indicating that Plaintiff "refuse[d] to pay" the alleged debt.

21. Plaintiff received confirmation that Defendant signed for the certified letter on March 20, 2021.

22. Despite Plaintiff's written request to stop contacting him, Defendant continued to send a collection letter on March 31, 2021; consequently, Defendant violated 15 U.S.C. § 1692c(c).

23. This letter to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

24. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

25. After Defendant was notified in writing that Plaintiff wished Defendant to cease further communication with the consumer, Defendant continued its communications with respect to

such debt, for a purpose other than what was enumerated in 15 U.S.C. § 1692c(c). Consequently, Defendant violated 15 U.S.C. § 1692c(c).

26. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

27. Defendant's actions caused Plaintiff actual damages in the form or emotional distress mental anguish type damages, which manifested in symptoms including but not limited to: stress, anxiety, embarrassment, worry, sleeplessness, hopelessness, helplessness, all impacting his personal and professional relationships.

## CAUSES OF ACTION
## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

28. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

29. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

30. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

///

31. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Kazerouni Law Group, APC**

Date: October 7, 2021

By: */s/ Ryan L. McBride*
Ryan L. McBride
Attorneys for Plaintiff

- 1 -
PROOF OF SERVICE